BY THE COURT.
An attorney at law cannot be compelled, and will not be permitted, to disclose what.his client, as such, has confidentially confided to him; but his situation, as attorney at law,, does not excuse him from testifying to facts affecting his client, the-knowledge of which he derived from other sources.
THE COURT, to the jury. The claim of the plaintiff rests upon, the assumption that the bill of sale to Dare being unaccompanied with the actual possession of the engine, is void. The position is-not sound. The court has frequently decided that the want of actual possession following a bill of sale of personal property, was not fraud in itself, but only a circumstance of fraud. There is nopretence here but that the transaction between Harding and Dare' was a bone fide one, and the plaintiff certainly was not deceived by the possession of Harding, nor thus induced to give credit upon the supposition that possession was evidence of property, because he-had notice of Dare’s claim.
Verdict and judgment for the defendant.
• The engine had been taken possession of by Hutchinson, a security for Harding to Rogers, Dun had brought suit for it. After the decision above, it was agreed, that if Hutchinson took the engine to Dun in Zanesville, and paid the costs the suit should be discontinued.